UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00231-JRS-DLP |
| | ) | |
| JESS NEAL, | ) | -03 |
| | ) | |
| Defendant. | ) | |

**ENTRY FOR FEBRUARY 2, 2022**

On this date, Defendant, Jess Neal (03), appeared in person and by counsel, James Bell and Scott Shockley, for a change of plea and sentencing hearing. The Government appeared by counsel, Tiffany Preston, with its investigative agents, Glenn Carlson and Timothy Kempf. Brittany Neat appeared on behalf of the United States Probation Office. The hearing was recorded by Court Reporter, Cathy Jones.

After placing the Defendant under oath, the Court inquired of the Defendant whether the Defendant understood the rights that the Defendant would relinquish if the Court accepted the Defendant's plea of guilty to Count 1 of the Superseding Indictment and the Defendant responded affirmatively. Evidence of a factual basis for the plea was heard and was accepted of record. The Court also conducted additional inquiry of the Defendant, and as a result of the information and testimony provided at the hearing the Court was satisfied that:

- the Defendant was fully competent and able to enter an informed plea,

- the Defendant's plea was being made knowingly and voluntarily,

- the plea was supported by an independent basis in fact containing each of the essential elements of the offense charged.

The Court accepted the Petition to Enter a Plea of Guilty, and the Defendant's subsequent plea of guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The Court adjudged the Defendant guilty.

The parties were heard with respect to the sentence and application of the Sentencing Guidelines.

Pursuant to the Sentencing Reform Act of 1984, Sentence was imposed as stated on the record, including:

- Special Assessment: $100.00.
- Incarceration: 24 months.  The Court recommends placement at a facility as close to Indianapolis, IN as possible, at the lowest security level deemed appropriate.  The Court further recommends participation in educational programming, vocational training, and prison industries.
- Supervised Release:  2 years.
- Restitution:  $55,650.00 (see below).

The defendant shall make restitution to Muncie Sanitary District c/o Attorney Mark McKinney, 300 N. High Street Muncie, IN 47305; in the amount of $55,650.00. The payment is to be made directly to the Clerk, U.S. District Court, for disbursement to the victim. The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid. Any unpaid restitution balance shall be paid during the term of supervision at a rate of not less than 10% of the defendant's gross monthly income. The defendant shall notify the probation officer of any material change in economic circumstances that might affect the ability to pay restitution. The Court finds that the defendant does not have the ability to pay interest and waives the interest requirement.

By reference to the PSR, and after the Defendant waived formal reading, the Court advised the Defendant that while he is on supervised release, he is to comply with the following conditions:

- You shall not commit another federal, state or local crime.
- You shall not unlawfully possess a controlled substance. You shall refrain from any unlawful use of a controlled substance. You shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter (unless waived).
- You shall make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution (if applicable).
- You shall cooperate with the collection of DNA as directed by the probation officer.
- You shall report to the probation officer in a manner and frequency directed by the court or probation officer.
- You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.
- You shall not knowingly leave the federal judicial district without the permission of the court or probation officer.
- You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.
- You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.
- You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.
- You shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon.
- You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.
- You shall maintain lawful full-time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.
- As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current

or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

- You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.
- You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.
- You shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer.
- You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

The Defendant shall pay to the United States a special assessment of $100.00. Payment of the special assessment shall be due immediately and is to be made directly to the Clerk, U.S. District Court.

The Government orally moved to dismiss Counts 2, 3, 4, 5, and 6 of the Superseding Indictment. The Court **GRANTED** said motion and Counts 2, 3, 4, 5, and 6 of the Superseding Indictment are **DISMISSED**.

The proceedings were adjourned.

Date: 2/2/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.